UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCHANTS DISTRIBUTORS, LLC and CAPITAL RESOURCES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HAROLD FRIEDMAN INC., d/b/a FRIEDMAN'S FRESHMARKETS,<br><br>Defendant. | Civil Action No. 2:18-cv-00133-AJS |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

Plaintiffs Merchants Distributors, LLC ("MDI") and Capital Resources, LLC ("Capital Resources") (together, "Plaintiffs"), by and through their attorneys, McGuireWoods LLP, submit this Memorandum of Law in support of their Motion to Dismiss ("Motion") Defendant Harold Friedman Inc. d/b/a Friedman's Freshmarkets' ("HFI") Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.      INTRODUCTION**

HFI fails to plausibly allege facts to support its Counterclaims against Plaintiffs, and the Court should dismiss the Counterclaims with prejudice. HFI alleges that Plaintiffs breached a contract (Count I), but fails to identify which contract or to set forth the essential contractual terms that Plaintiffs allegedly breached. Moreover, the parties' contracts are an undisputed part of the record in this case, and they do not impose any of the contractual obligations that HFI alleges as a basis for its contract claim. Because HFI has not identified any breach of an actual term in any contract, this claim should be dismissed.

HFI's attempts to inject tort claims into what is purely a contractual dispute are also unavailing. HFI's claim for breach of confidential relationship (Count II) fails as a matter of law because the parties had no confidential relationship—rather, they engaged in arms-length business transactions that are defined by the terms of their contracts. HFI's tortious interference claim (Count III) similarly fails because HFI does not identify any purported third parties with whom Plaintiffs supposedly interfered, nor does it allege that any third party took any harmful action based on the supposed interference. Finally, the gist of the action doctrine bars both of HFI's tort claims, because they are rooted in alleged duties set forth in the parties' contracts, not in any independent duties Plaintiffs owed to the public at large.

For these reasons and as discussed in more detail below, HFI fails to state a claim upon which relief can be granted against Plaintiffs and dismissal of HFI's Counterclaims is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     FACTUAL BACKGROUND

The parties entered into agreements regarding the provision of products and services from Plaintiffs to HFI. ECF 9 at ¶ 43. Plaintiffs sued HFI for breach of contract after HFI failed to make payments that were due under the agreements. *See* ECF 1 at ¶¶ 7-21. In response to Plaintiffs' Complaint, HFI filed Counterclaims alleging that these agreements related to, among other things, the "resets" of HFI's grocery stores that occurred between August 31, 2015 and September 15, 2015. *Id*. at ¶¶ 43, 45. HFI asserts that the resets were not performed competently, resulting in further problems for HFI with their grocery business, including a reduction in cash flow. *See* ECF 9 at ¶¶ 46-52. HFI also alleges that Plaintiffs interfered with its efforts to sell the business to unidentified third parties and that Plaintiffs shared unspecified "confidential" information with an unidentified "potential purchaser" of HFI. HFI claims that it suffered millions of dollars in damages and had to close its doors in January 2018. *Id*. at ¶¶ 61-62.

Based on these allegations, HFI asserts causes of action for breach of contract, breach of confidential relationship and tortious interference.

**III.   ARGUMENT**

To state a claim upon which relief can be granted, a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In other words, a complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. When assessing whether the complaint satisfies this standard, courts must treat a complaint's allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts, however, need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (noting that courts "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss") (citations and internal quotations omitted).

The Third Circuit instructs that:

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Plaintiff must plead more than the mere possibility of relief. *Fowler*, 578 F.3d at 210. If the complaint permits only an inference of the mere possibility of misconduct, it must be dismissed. *Id.* at 210-11.

HFI's Counterclaims should be dismissed because HFI failed to plead facts to support a plausible claim under any of its theories of recovery.

### A.  Dismissal Of HFI's Breach Of Contract Claim Is Warranted Because HFI Fails To Identify The Contract Or Contractual Term That Was Breached.

HFI's breach of contract claim must be dismissed because HFI does not allege what agreement Plaintiffs allegedly breached, let alone a specific contractual duty that was breached. To state a claim for breach of contract, a party must plausibly allege: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. *See Gen. State Auth. v. Coleman Cable & Wire Co.,* 365 A.2d 1347, 1349 (Pa. Comm. 1976).

Plaintiffs attached copies of four agreements between the parties to their Complaint. *See* ECF 1 at ¶¶ 7-9, 24, 26. While HFI asserts a counterclaim for breach of contract, HFI fails to identify which contract it claims was breached. Nor does HFI identify any contractual provision that imposes the duties that HFI alleges Plaintiffs breached. This failure alone requires dismissal of HFI's contract claim. *See Hart v. Univ. of Scranton*, 838 F. Supp. 2d 324, 328 (M.D. Pa. 2011) (dismissing breach of contract claim where plaintiff failed to allege a specific breach of those terms); *see also CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) (citing *Snaith v. Snaith*, 422 A.2d 1379, 1382 (Pa. Super. 1980)) ("[w]hile not every term of a contract must be stated in complete detail, every element must be specifically pleaded").[1]

---

[1] Notably, because HFI fails to identify the contract that was breached there is an issue as to what state law governs HFI's claim. To the extent HFI bases its contract claim on the Product Purchase Agreement or the Security Agreement, those contracts require application of North Carolina law. In any event, HFI's claim fails under North Carolina law as well, because North Carolina also requires parties to identify the specific contract and duties allegedly breached. *See Poor v. Hill*, 530 S.E.2d 838, 843 (2000) ("[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract").

4

HFI alleges that Plaintiffs "breached their agreement to provide a reset, advertising, pricing and other typical wholesaler services as agreed upon." But HFI fails to identify any provisions in the contracts between that parties that actually impose these duties on Plaintiffs. For instance, none of the parties' agreements references a "reset" or imposes duties regarding advertising or "typical wholesaler services." In other words, none of the agreements appears to impose contractual duties that match the allegations in HFI's Counterclaim. This Court is not required to accept as true allegations that are expressly contradicted by documents that are in the record—here, the parties' agreements, which were attached to the Complaint, and which HFI admits that it entered into. *See, e.g.,* ECF 9 at ¶ 7. Because HFI's allegations are at odds with the undisputed contract terms, HFI's contract claim must be dismissed.

HFI also claims that Plaintiffs breached the covenant of good faith and fair dealing by, for instance, not properly performing the reset of HFI's stores, not providing competent advertising, requiring HFI to prewire funds for product purchases, and limiting HFI's stores to one delivery per week. *See id*. at ¶ 70. However, there is generally no separate cause of action in Pennsylvania for breach of the covenant. *See McHale v. NuEnergy Grp.*, No. Civ. A. 01-4111, 2002 WL 321797, at *8 (E.D. Pa. Feb. 27, 2002) (concluding that Pennsylvania law would not recognize a claim for breach of the covenant of good faith and fair dealing as a separate cause of action apart from the breach of contract claim, since the actions forming the basis of the breach of contract claim were essentially the same). A claim for breach of the covenant of good faith and fair dealing must be derived from a specific provision in the contract. *Nationwide Ins. Indep. Contrs. Ass'n v. Nationwide Mut. Ins. Co.*, 518 F. App'x 58, 62 (3d Cir. 2013). Therefore, to the extent HFI asserts a counterclaim for breach of covenant of good faith and fair dealing, it is not a stand-alone cause of action and is merged within HFI's breach of contract counterclaim. *See Meyer v. CUNA Mut.*

*Grp.*, No. 03-602, 2007 WL 2907276, at *14 (W.D. Pa. Sept. 28, 2007), *aff'd*, 648 F.3d 154 (3d Cir. 2011). Further, because HFI's breach of covenant counterclaim is based on the specific terms of the contracts between the parties, HFI's failure to identify a contractual provision that was breached is equally fatal to its counterclaim alleging breach of the duty of good faith and fair dealing. *See Commonwealth v. BASF Corp.*, No. 3127, 2001 WL 1807788, at *13 (Phila. C.P. 2001) ("the duty of good faith, whether express or implied in a contract, does not create independent substantive rights nor can it override the express contractual terms"); *Laneve v. Latrobe Steel Co.*, No. 14-216, 2015 WL 4911824, at *8-9 (W.D. Pa. Aug. 17, 2015) (the duty of good faith in performing contractual obligations extends only to "those duties the parties have agreed to assume"); *Angino v. BB&T Bank*, No. 1:15-cv-2105, 2016 WL 4408835, at *10 (M.D. Pa. June 7, 2016) (the Angino's failure to assert a clearly articulated breach of contract by BB&T is a fatal flaw to their breach of duty of good faith claim).

For these reasons, HFI's claim for breach of contract should be dismissed.

### B. HFI Fails To Plausibly Allege The Existence Of A Confidential Relationship That Plaintiffs Could Breach.

HFI's second counterclaim for breach of confidential relationship alleges that Plaintiffs entered into a confidential relationship with HFI pursuant to the various agreements. ECF 9 at ¶¶ 75-76. HFI alleges Plaintiffs breached this relationship by contacting HFI's competitors in an attempt to sell HFI's business at the same time HFI was attempting to market and sell its business. *Id*. at ¶¶ 77-78. HFI alleges that this conduct interfered with their business and marketing efforts, reducing the value of HFI's business. *Id*. at ¶ 82. However, HFI's counterclaim for breach of confidential relationship fails as a matter of law, because the parties' contracts were arms-length transactions, and there no plausible allegations to indicate any special confidence was shared between the parties before the contracts were executed.

Pennsylvania courts recognize the existence of a confidential relationship only under certain limited circumstances, none of which pertains here. For instance, a confidential relationship arises when "the relative position of the parties is such that one has the power and means to take advantage or exercise undue influence over the other," such as the relationship "between trustees and *cestui que trust*, guardian and ward, attorney and client, and principal and agent." *Matter of Estate of Evasew*, 584 A.2d 910, 913 (Pa. 1990). Such a relationship exists when the law recognizes that "a party is bound to act for the benefit of another, and can take no advantage to himself." *Frowen v. Blank,* 425 A.2d 412, 416-17 (Pa. 1981). A confidential relationship does not arise, however, in an arms-length business transaction. *See Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*, 28 F. Supp. 2d 947, 952-53 (E.D. Pa. 1998) (granting motion to dismiss claim for breach of confidential relationship where parties' agreement was an arm's length transaction); *eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 23 (Pa. Super. 2002) ("Most commercial contracts for professional services involve one party relying on the other party's superior skill or expertise in providing that particular service" and if a fiduciary duty arose in that context, "virtually every breach of such a contract would support a tort claim").

Here, HFI's claim for breach of confidential relationship fails as a matter of law because HFI fails to allege any plausible basis for finding the existence of a confidential relationship between the parties. Plaintiffs were not acting as HFI's trustee, attorney, principal, or guardian. *See Estate of Evasew*, 584 A.2d at 913. Rather, the parties engaged in arms-length business transactions, which do not give rise to a confidential relationship. *See Valley Forge*, 28 F. Supp. 2d at 952-53. Notably, HFI fails to identify any specific contract provision restricting Plaintiffs from disclosing information about HFI, and the agreements do not appear to contain any such provision or any reference to confidentiality whatsoever. In short, HFI fails to allege that the

contracts between the parties were anything other than arms-length transactions, and therefore cannot establish the existence of a confidential relationship between itself and Plaintiffs.

Accordingly, the Court should dismiss HFI's counterclaim for breach of confidential relationship with prejudice.

### C. HFI's Tortious Interference Counterclaim Is Insufficiently Pled.

HFI's third counterclaim alleges that Plaintiffs tortiously interfered with HFI's sale process and prospective contractual relations by contacting unidentified third parties regarding the purchase of HFI's business. ECF 9 at ¶ 84. HFI claims that this conduct caused substantial distress and the failure of HFI's business, as well as delaying the sale of HFI's business and lowering the price. *Id*. at ¶¶ 85-86. However, HFI's tortious interference claim fails as it does not plausibly allege the existence of a contractual relation, prospective or otherwise, with a third party.

Under Pennsylvania law, a party must plausibly allege the following elements to state a claim for tortious interference with prospective contractual relations: (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct. *Maverick Steel Co., L.L.C. v. Dick Corp./Barton Malow*, 54 A.3d 352, 355 (Pa. Super. 2012). Regarding the first element—the existence of a prospective contractual relationship—there must be a demonstration of "something less than a contractual right, [but] something more than a mere hope," *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 471 (1979), and that there is "an objectively reasonable probability that such a contract would arise," *Applied Tech. Intern., Ltd. v. Goldstein*, No. 03-848, 2004 WL 2360388, at *6 (E.D. Pa. Oct. 20, 2004) (citations and internal quotations omitted).

Here, HFI fails to plausibly allege the existence of a prospective relationship between itself and any third party to support this claim. HFI does not identify a purported third party with which it supposedly had a prospective contractual relationship regarding the sale of its business. In fact, HFI alleges that it was Plaintiffs who contacted the third party regarding a prospective sale of the business, not HFI. *See* ECF 9 at ¶ 84. Given its failure to identify this supposed third party, HFI does not and cannot allege an objectively reasonable probability that a contract would arise between it and the third party. Absent those necessary elements, HFI's counterclaim for tortious interference with a prospective contractual relation fails as a matter of law and must be dismissed.

Similarly, to the extent HFI alleges tortious interference regarding Plaintiffs' purported interference with an unidentified secondary supplier of HFI, that counterclaim also fails. *See* ECF 9 at ¶ 60. The cause of action for tortious interference with contractual relations has four elements: "(1) the existence of a contractual relationship between the plaintiff and a third party; (2) purposeful action by the defendant, specifically intended to harm the contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) damages to the plaintiff as a result of the defendant's conduct." *Acclaim Sys. v. Infosys, Ltd.*, 679 F. App'x 207, 210 (3d Cir. 2017) (quoting *Burton v. Teleflex Inc.*, 707 F.3d 417, 433 (3d Cir. 2013)). Here, Plaintiff fails to plausibly allege facts to support any of the required elements for this cause of action. HFI fails to allege the identity of the third party "supplier" or any purposeful action by Plaintiffs intended to harm the contractual relationship between HFI and the unidentified third party. Further, HFI fails to allege that any conversation (if one occurred) was not justified, and HFI's allegation that the third party was a customer of Plaintiffs suggests otherwise. Finally, HFI does not plausibly allege any damages resulting from Plaintiffs' alleged contact with this unidentified supplier. For instance, HFI does not allege that the unidentified supplier actually

refused to sell HFI product or took any other harmful action as a result of Plaintiffs' alleged contact.

Because HFI does not plausibly allege facts to support the required elements of a tortious interference claim, that claim must be dismissed.

> **D.     The Gist Of The Action Doctrine Bars HFI's Tort Claims.**

In addition to the arguments set forth above regarding HFI's counterclaims for breach of confidential relationship and tortious interference [*see supra* Part III.B & C], HFI's tort claims also are barred by the gist of the action doctrine, as all of the counterclaims arise from the contractual relationship between HFI and Plaintiffs.

The gist of the action doctrine "forecloses a party's pursuit of a tort action for the mere breach of contractual duties without any separate or independent event giving rise to the tort." *Sköld v. Galderma Labs., L.P.,* 99 F. Supp. 3d 585, 600 (E.D. Pa. 2015) (citations and internal quotations omitted). The Pennsylvania Supreme Court formally adopted the gist of the action doctrine in its 2014 decision in *Bruno v. Erie Ins. Co.* 106 A.3d 48 (Pa. 2014), and articulated the test for application of that doctrine as follows:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract . . . then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Id.* at 68. When the parties' obligations are defined by the terms of a contract and not by duties imposed by social policies, a plaintiff may assert only a contract claim. *Id*. at 68; *Erie Ins. Exch. v. Abbot Furnace Co.,* 972 A.2d 1232, 1239 (Pa. Super. 2009) (citing *eToll, Inc. v. Elias/Savion Adver.,* 811 A.2d 10, 14 (Pa. Super. 2002)). To state a tort claim where there is a contract, the

contract cannot be more than incidental to the wrong complained of. *Bruno,* 106 A.3d at 66 (quoting *Bash v. Bell Tel. Co. of Pa.,* 601 A.2d 825, 829 (Pa. Super. 1992)).

Here, HFI plainly bases its claim for breach of confidential relationship on the contractual relationship between the parties. Specifically, HFI alleges that "the Plaintiffs entered into a confidential relationship with [HFI] when they entered into the various agreements." ECF 9 at ¶ 75. The parties' contracts are not "incidental" to the alleged wrong—they are the very basis for the purported confidential relationship between the parties. Under these circumstances, the gist of the action doctrine bars HFI from asserting tort claims against Plaintiffs.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its Motion to Dismiss HFI's Counterclaim in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  March 13, 2018

Respectfully submitted,

Merchants Distributors, LLC and Capital Resources, LLC

*/s/ Jarrod D. Shaw*
Jarrod D. Shaw (PA ID 93459)
Benjamin J. Sitter (PA ID 317382)
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
(412) 667-6000
(412) 667-6050 (Fax)
jshaw@mcguirewoods.com
bsitter@mcguirewoods.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all registered parties.

      */s/ Jarrod D. Shaw*
      Jarrod D. Shaw