IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERCHANTS DISTRIBUTORS, LLC *and*,
CAPITAL RESOURCES, LLC

           Plaintiffs,

v.

HAROLD FRIEDMAN INC. *doing business
as* FRIEDMAN'S FRESHMARKETS,

           Defendant.

18cv0133
ELECTRONICALLY FILED

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIMS (DOC. NO. 39)**

Plaintiffs, Merchant Distributors, LLC ("MDI") and Capital Resources, LLC ("Capital) (together, "Plaintiffs"), initiated this breach of contract and declaratory judgment action against Defendant, Harold Friedman, Inc. ("Defendant" or "HFI") for HFI's alleged failure to pay certain sums owed pursuant to agreements between the Parties. Doc. No. 1. HFI filed Counterclaims against Plaintiffs for breach of contract, breach of confidential relationship, and tortious interference. Doc. No. 9. By Memorandum Opinion and Order dated April 5, 2018, the Court dismissed HFI's Counterclaims upon Plaintiffs' motion, but granted HFI leave to amend its Counterclaims to attempt to cure the deficiencies identified in HFI's breach of contract and tortious interference claims. Doc. No. 27.

HFI filed an Amended Answer to Complaint, Counterclaims, and Affirmative Defenses. Doc. No. 31. Plaintiffs filed a Motion to Dismiss HFI's Amended Counterclaims. Doc. No. 39.[1] For the reasons that follow, and after careful consideration of the Parties' briefs, Plaintiffs'

---

[1] Plaintiffs originally filed their Motion to Dismiss the Amended Counterclaims while the Parties were engaged in ongoing mediation efforts to resolve the case. The Court denied the original motion, but gave Plaintiffs leave to re-file if their mediation efforts were unsuccessful. Doc. No. 37.

Motion to Dismiss HFI's Amended Counterclaims for breach of contract and tortious interference will be DENIED as to HFI's Amended Counterclaim for breach of contract, and GRANTED as to HFI's Amended Counterclaim for tortious interference.

I.   STANDARD OF REVIEW

As more thoroughly stated in the prior Memorandum Opinion, doc. no. 27, claims and counterclaims are treated equally for purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff [or a defendant stating counterclaims] must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss claims merely because it appears unlikely or improbable that the complaining party can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a claim that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

A motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle that party to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. DISCUSSION[2]

### A. Breach of Contract

In order to state a claim for breach of contract under North Carolina law, a claimant must allege that a valid contract existed between the parties, that the opposing party breached the terms of the contract, the facts constituting the breach, and the damages that resulted from the breach. *Morgan's Ferry Prods., LLC v. Rudd*, 18 F. App'x 111, 112 (4th Cir. 2001) (*citing Claggett v. Wake Forest Univ.*, 486 S.E.2d 443, 446 (N.C. Ct. app. 1997).

HFI bases its breach of contract claim on Plaintiffs' performance of a "reset" of HFI's grocery stores, the majority of which occurred prior to the Parties entering into the written agreements attached to Plaintiffs' Complaint. Doc. No. 1. The Court granted Plaintiffs' motion to dismiss HFI's original Counterclaim for breach of contract, as pled, because HFI neither alleged facts setting forth the industry standards for a grocery store "reset," nor facts concerning a course of performance or course of dealing between the Parties. Doc. No. 27, p. 9.

---

[2] In the Memorandum Opinion granting Plaintiffs' first Motion to Dismiss, this Court established that North Carolina law applies to the contract claims of the Parties, while Pennsylvania law governs HFI's tortious interference claim (however, North Carolina courts would not treat HFI's tortious interference claim differently than courts in Pennsylvania). Doc. No. 27, pp. 4-7.

3

HFI's Amended Counterclaims adequately cure the deficiencies addressed in the prior Memorandum Opinion. Doc. No. 31. Specifically, HFI sets forth clear allegations concerning the industry standards at issue and facts supporting its allegation that Plaintiff breached those industry standards during a course of dealing prior to the Parties entry into the formal written agreements. *Id. See also* N.C. Gen. Stat. § 25-1-303.

### B. Tortious Interference

Under Pennsylvania law, the elements of a claim for tortious interference of a contract, whether existing or prospective, are the following:

> (1) the existence of a contractual, or prospective contractual relationship between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

*Crivelli v. Gen. Motors Corp.*, 215 F.3d 386, 394 (3d Cir. 2000).

In its Amended Counterclaim, HFI alleges that it had a long-standing relationship with a third party, McAneny Brothers, to be a secondary supplier of products for HFI's grocery stores, but that the secondary supplier ceased providing product to HFI after Plaintiffs contacted the supplier (also allegedly a major customer of Plaintiffs), and warned the supplier to not sell product to HFI because HFI would not pay them for the product that was to be supplied. Following this warning, the secondary supplier ceased providing product to HFI unless it was prepaid. Doc. No. 31, ¶¶ 77-84.

Plaintiffs argue that this claim should be dismissed because HFI has not pled facts to show that a valid contract existed between McAneny Brothers and HFI, that Plaintiffs knew of the contract, or that Plaintiffs intended to harm the contractual relationship between HFI and

4

McAneny Brothers.  Doc. No. 40.  Plaintiffs further assert that their communication with McAneny Brothers, if any, was truthful, and was therefore not improper tortious interference. Doc. No. 40.

In fact, the Pennsylvania Supreme Court has recognized that "the conveyance of truthful information cannot reasonably be deemed to be 'improper' interference." *Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.*, 20 A.3d 468, 479 (Pa. 2011) (adopting Restatement (Second) of Torts § 772).  Attached to Plaintiffs' Complaint in this matter are numerous pages of unpaid invoices for products supplied to HFI's grocery stores by MDI.  Doc. No. 1.  HFI also alleges that it experienced a "total business failure," and closed all of its grocery stores by January of 2018.  Under these circumstances, Plaintiffs alleged warning that HFI could not pay for products supplied to its stores - - to an entity with which it is alleged that Plaintiffs also had a business relationship - - cannot support a claim for tortious interference.

### III.  CONCLUSION

For the reasons set forth, Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaims is GRANTED IN PART AND DENIED IN PART.  Defendant's Counterclaim for tortious interference is DISMISSED WITH PREJUDICE.  The Parties shall inform the Court by July 16, 2018, whether or not they wish to proceed to arbitration as discussed at the status conference on June 21, 2018.  Doc. No. 42.

SO ORDERED, this 10th day of July, 2018,

s/Arthur J. Schwab\_\_\_\_
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record